UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle, N.W., Suite 900 Washington, DC 20036-1202, <br><br>and<br><br>STEPHEN ABRECHT, RODERICK S. BASHIR, CHRISTOPHER BOUVIER, KEVIN J. DOYLE, DAVID A. STILWELL, THOMAS LaMARTINA, STEVEN W. FORD, LARRY T. SMITH FRANK A. MAXSON, EDWARD J. MANKO, JOHN J. SHERIDAN, AND MYRIAM ESCAMILLA, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, 11 Dupont Circle N.W., Suite 900 Washington, DC 20036-1202 <br><br>       Plaintiffs,<br><br>v.<br><br>BROWN & PIPKINS, LLC 2950 Stone Hogan Conn, S.W., Building 5 Atlanta, GA 30331-6008 <br><br>       Defendant. | Case No: 14-cv-1581 |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS,
INTEREST, ATTORNEYS FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.  This is a civil action brought by an employee benefit plan, and by the Trustees of

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee

1

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) to collect unpaid collectively bargaining contributions, interest, and liquidated damages owed by Defendant and to enforce Defendant's contractual and statutory obligations to provide complete remittance reports.

2. Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

**Parties**

4. Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund"), is an employee pension benefit plan within the meaning of Section 3(2), (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible participants. The SEIU Pension Fund is, and at all times material herein, has been a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

5.      Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Chris Bouvier, Kevin J. Doyle, David A. Stilwell, Thomas E. LaMartina, Steven W. Ford, Larry T. Smith, Frank A. Maxson, Edward J. Manko, John J. Sheridan, and Myriam Escamilla are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund.  Plaintiff Trustees are fiduciaries within the meaning of 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6.      Defendant Brown & Pipkins, LLC ("Brown & Pipkins") is an "employer in an industry affecting commerce" as defined in Section 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

7.      Defendant Brown & Pipkins is a limited liability corporation organized under the laws of the State of Georgia with a principal address of 2950 Stone Hogan Conn, S.W., Building 5, Atlanta, Georgia 30331-6008.

**Factual Background**

8.      At all relevant times, Service Employees International Union, SEIU 32BJ ("the Union") has been the exclusive bargaining representative for all full and part time janitorial employees employed by Brown & Pipkins at its Fort Belvoir site in Virginia.

9.      Brown & Pipkins and the Union agreed to a collective bargaining agreement ("CBA" or "Agreement") with an initial term of September 4, 2012 through August 1, 2014. A true, correct and complete copy of the relevant Collective Bargaining Agreement is attached as

Plaintiffs' Exhibit 1. Section 32 of the CBA provides that after August 1, 2014 the Agreement "shall renew itself from year to year unless written notice of election to terminate or modify any provision of this Agreement is given by one party to the other at least 60 days prior to August 1, 2014, or each successive anniversary date." Exhibit 1. Upon information and belief, neither party has given written notice to terminate or modify the Agreement and, therefore, the CBA remains in full force and effect.

10.     Under Article 28, Sections 1 and 2 of the CBA, Brown & Pipkins agreed to become a participating employer in the SEIU Pension Fund through the term of the CBA, including any extensions. Further, Brown & Pipkins agreed to and made contributions to the SEIU Pension Fund for all employees covered by the CBA at the base rates specified in the CBA and under the "Preferred Schedule" for supplemental contributions.

11.     Pursuant to Article 28, Section 3 of the CBA, beginning September 4, 2012, Brown & Pipkins was required to pay pension contributions in the amount of $0.71 per hour up to a maximum of 40 hours per week for all covered employees. Beginning October 1, 2012, Brown & Pipkins was required to pay pension contributions in the amount of $0.77 per hour up to a maximum of 40 hours per week for all covered employees. Beginning October 1, 2013, Brown & Pipkins was required to pay pension contributions in the amount of $0.83 per hour up to a maximum of 40 hours per week for all covered employees. These contributions were required to be made to the SEIU Pension Fund on or before the fifteenth day of the month following the month for which contributions are due.

12. Brown & Pipkins is obligated to make contributions to the SEIU Pension Fund under the term of its CBA with the Union and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

13. Pursuant to Article 28, Section 4 of the CBA, Brown & Pipkins also agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") and its Statement of Policy for Collection of Delinquent Contributions ("Collections Policy"). See Plaintiffs' Exhibit 1. A true and correct copy of the Trust Agreement is attached hereto as Plaintiffs' Exhibit 2. A true and correct copy of the Collections Policy is attached hereto as Plaintiffs' Exhibit 3.

14. Pursuant to Article 28, Section 6 of the CBA, Brown & Pipkins agreed that "should it default or become delinquent in any of its obligations to the Fund set forth in this Article, it shall be liable for damages, penalties and costs as may be provided in the Fund's Trust Agreement, resolution(s) and collection policy(ies) of the Fund's Trustees, including, but not limited to, a late payment penalty, interest, liquidated damages and all costs of collection including reasonable attorney's fees and accounting fees."

15. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy provide that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance

report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month.  See Plaintiffs' Exhibit 2 & 3.

16.     At all relevant times, Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund is liable interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on delinquent contributions or 20 percent (20%) of the delinquent contributions, and attorneys' fees and costs.

17.     During the period of September 2012 through the present, Brown & Pipkins failed to remit any contractually required remittance reports and contributions.

18.     Because no reports have been remitted to the SEIU Pension Fund, the amount of money due from Brown & Pipkins to the SEIU Pension Fund is unknown and cannot be ascertained without an accounting of the number of compensable hours for each covered employee of Brown & Pipkins during the reporting months.

19.     Prior to commencing this lawsuit, the SEIU Pension Fund contacted Brown & Pipkins in an attempt to obtain the outstanding remittance reports and contributions. Notwithstanding this communication, Defendant has failed to remit the required reports or make payment on the amounts due.  There is little prospect that, lacking judicial compulsion, Brown & Pipkins will conduct the accounting, satisfy its obligations to the SEIU Pension Fund, and remit the delinquent and unpaid contributions, liquidated damages, and interest due on the delinquent and unpaid contributions.

20.     Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, and January 1, 2014.  Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013 and April 30, 2014.  Copies of these letters are attached as Plaintiffs' Exhibit 4.

21.     In accordance with the PPA, the SEIU Pension Fund established a Rehabilitation Plan.  Participating employers in the SEIU Pension Fund were notified of the Rehabilitation Plan in November 2009.  A copy of this letter is attached as Plaintiff's Exhibit 5.  Under the Rehabilitation Plan, participating employers are required to pay supplemental contributions to the SEIU Pension Fund under either the Default or Preferred Schedule of the Rehabilitation Plan.  Pursuant to its CBA, Brown & Pipkins elected to pay supplemental contributions under the Preferred Schedule.  See Exhibit 1.

## COUNT I

22.     Plaintiffs reallege and incorporate Paragraphs 1 through 21.

23.     Pursuant to Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, Brown & Pipkins is delinquent to the SEIU Pension Fund for owed reports, contributions and supplement contributions due to its failure to make the required and proper payments.

24.     Brown & Pipkins has failed to remit any reports for the months of September 2012 through the present.  Without an accounting from the Defendant, the SEIU Pension Fund has no way of calculating the amounts owed for those months.

25. Pursuant to Article 28, Section 6 of the CBA, the Fund's Trust Agreement and the Collections Policy, Brown & Pipkins owes interest in the amount of 10% and liquidated damages in the amount of 20% on all unpaid contributions. Under the governing documents, the Fund is also entitled to recover its reasonable attorneys' fees and costs.

26. Brown & Pipkins failure to timely submit remittance reports and pay required contributions, interest and liquidated damages has caused irreparable harm to the Plaintiffs and their plan participants and allowing Brown & Pipkins to do so creates an atmosphere in the industry encouraging other employer to do the same.

27. Pursuant to Sections 502(g) and 515 of ERISA, 29 U.S.C. §§ 1132(g) and 1145, Plaintiffs are entitled to a judgment in their favor for the unpaid contributions, unpaid contribution surcharges and supplemental contributions required under the PPA, interest on the unpaid contributions, liquidated damages in the in an amount of 20 percent (20 %) of the unpaid contributions, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request that the Court issue an order against Defendant Brown & Pipkins granting the following relief:

1. Declare that Brown & Pipkins has violated its CBA with the Union by failing to remit required reports and contributions to the SEIU Pension Fund;

2. Order Brown & Pipkins to conduct an accounting for all past-due contributions and to provide remittance reports to the SEIU Pension Fund for the time period of September

2012 through the present, including additional reports which may become due during the pendency of this action;

      3.      Enter judgment on behalf of the SEIU Pension Fund against Brown & Pipkins for delinquent contributions and contribution surcharges required under the PPA, including additional amounts which may become delinquent during the pendency of this action, in an amount to be determined once Brown & Pipkins conducts the accounting and provides the SEIU Pension Fund with the delinquent remittance reports;

      4.      Enter judgment for interest at a rate of 10 percent (10%) per annum on all past-due contributions, in an amount to be determined once Brown & Pipkins provides the SEIU Pension Fund with the delinquent remittance reports;

      5.      Enter judgment for liquidated damages at the greater of the interest on the delinquent contributions or 20 percent (20%) of the delinquent contributions, in an amount to be determined once Brown & Pipkins provides the SEIU Pension Fund with the delinquent remittance reports;

      6.      Enter judgment for Plaintiffs' attorneys' fees and costs, as required by Section 502(g) of ERISA;

      7.      Retain jurisdiction of this case pending compliance with its Orders; and

      8.      Grant such further relief as the Court may deem appropriate.

                    Respectfully Submitted,

                    /s/ Lauren P. McDermott
                  Lauren P. McDermott (DC Bar No. 1008301)
                  Mooney, Green, Saindon, Murphy
                     & Welch, P.C.
                  1920 L Street, N.W. Suite 400
                  Washington, D.C.  20036
                  (202) 783-0010
                  lmcdermott@mooneygreen.com

Date: September 17, 2014        Counsel for Plaintiffs